UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:
ELIZABETH R. COLLINS    CASE NO. 10-50990
Debtor

J. JAMES ROGAN, TRUSTEE    PLAINTIFF

V.    Adv. No. 10-

LITTON LOAN SERVICING, L.P.    DEFENDANTS

THE BANK OF NEW YORK MELLON FKA
THE BANK OF NEW YORK AS SUCCESSOR TO
JP MORGAN CHASE BANK, N.A., AS TRUSTEE
FOR THE BENEFIT OF THE CERTIFICATE-
HOLDERS OF POPULAR ABE, INC. MORTGAGE
PASS-THROUGH CERTIFICATES SERIES 2005-3

AIG FEDERAL SAVINGS BANK
d/b/a WILMINGTON FINANCE

GMAC MORTGAGE, LLC

COMPLAINT TO DETERMINE VALIDITY, EXTENT AND PRIORITY OF LIENS
AND FOR SALE OF REAL PROPERTY

The complaint of J. James Rogan, as Trustee for the bankruptcy estate of

Elizabeth R. Collins represents as follows:

JURISDICTION AND VENUE

1.   On March 25, 2010, Elizabeth R. Collins, filed a chapter 7 petition in the

United States Bankruptcy Court, Eastern District of Kentucky, Lexington Division, and

being styled Case No. 10-50990.

1

2. Plaintiff, J. James Rogan, was appointed as Trustee of the bankruptcy estate of Debtor Elizabeth R. Collins, and is duly qualified and presently acting as trustee.

3. This court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1334(b) and Section 157 in that this action arises in and relates to the Chapter 7 bankruptcy case of Elizabeth R. Collins that is presently pending before the court. This proceeding is a core proceeding under 28 U.S.C. Section 157(b)(2)(A)(E)(K)(N) and (0).

4. That this proceeding is based upon 11 U.S.C. Sections 541, 544, 547, 362, 550 and 551 and Bankruptcy Rule 7001.

FACTUAL ALLEGATIONS

5. That on or about January 28, 2005 Debtor Elizabeth R. Collins, formerly known as Elizabeth Gordon, (hereinafter DEBTOR), and debtor's ex-husband Craig Gordon granted a consensual mortgage to Defendant AIG Federal Savings Bank d/b/a Wilmington Finance, (hereinafter Wilmington) to secure repayment of a note executed by Debtor in favor of Wilmington in the principal amount of $135,200.00 in real estate and improvements known as 200-2002 Simba Way, Lexington, Fayette, Kentucky and more particularly described as follows:

> BEING all of Lot Nos. 87 and 88, as shown by that Final Record Plat of the Michler, Jennings & Shelton Property in Lexington, Fayette County, Kentucky, of record in Plat Cabinet K, Slide 684, in the Fayette County Clerk's Office.

6. That the January 28, 2005 mortgage securing repayment of the $135,200.00 note was recorded in the Fayette County Clerk's Office on February 4, 2005, in Mortgage Book 5191, Page 128.

7. That on or about January 28, 2005 Debtor and debtor's ex-husband Craig Gordon granted a consensual mortgage to Defendant Wilmington to secure repayment of

2

a note in favor of Wilmington in the principal amount of $33,800.00 in the real estate described in paragraph no. 5, with said mortgage being recorded in Mortgage Book 5191, Page 129, Fayette County Clerk's Office.

8. That Defendant Litton Loan Servicing, L.P. (hereinafter Litton) filed in the main case of Debtor, proof of claim no. 1-1, for Defendant The Bank of New York Mellon, f/k/a The Bank of New York as successor to JP Morgan Chase Bank, N.A., as Trustee for the Benefit of the Certificate Holders of Popular ABE, Inc. Mortgage Pass-Through Certificates Series 2005-3 It's Successors and/or Assigns (hereinafter Bank of New York).

9. Defendant Litton attached to proof of claim no. 1-1 a note dated January 28, 2005 in the principal amount of $135,200.00 payable to Defendant Wilmington.

10. That on April 9, 2010, Defendants Litton and Bank of New York filed a motion for relief from stay and abandonment representing that defendants held a secured claim as evidenced by the mortgage and note attached to proof of claim no. 1-1.

11. That Plaintiff-Trustee filed an objection to the motion for relief and abandonment representing that the note attached to proof of claim no. 1-1 is payable to Defendant Wilmington and there was not an indorsement on the note in the name of Movants, Defendants Litton and Bank of New York.

12. In response to the objection of Plaintiff-Trustee, Defendants Litton and Bank of New York filed in the main case of Debtor (Docket No. 19) a response that attached a note allonge that was executed by Paul D. Savitsky, Vice President of JP Morgan Chase Bank.  A copy of said response is attached hereto and incorporated by reference.

13. That on Schedule D of Debtor's petition, Debtor listed GMAC Mortgage, LLC as a secured creditor in the amount of $31,390.52, by the real estate described in paragraph no. 5.

14. That neither Defendant Wilmington nor Defendant GMAC Mortgage, LLC has filed a proof of claim in the main bankruptcy case of Debtor, Case no. 10-50990.

15. That by quitclaim deed dated May 21, 2007, Craig Gordon, a/k/a Craig Howard Gordon, and recorded in Deed Book 2728, Page 273, Fayette County Clerk's Office conveyed his interest in the real estate described in paragraph no. 5 to Debtor.

## COUNT I

16. That the averments in paragraphs 1 through 15 are incorporated by reference.

17. That on March 25, 2010, upon the filing of Debtor's chapter 7 petition, plaintiff, as a trustee in bankruptcy pursuant to 11 U.S.C. §544(a)(1) obtained a judicial lien on the interest of Debtor in the real property described in paragraph no. 5.

18. That the note allonge contained in Plaintiff's Exhibit No. 1 is not an indorsement from Defendant Wilmington to JP Morgan Chase Bank, N. A. as trustee for the benefit of the Certificateholders of the Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2005-3.

19. That Defendant Bank of New York is the successor to JP Morgan Chase Bank, N.A. as trustee for the benefit of the Certificateholders of the Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2005-3.

20. That by failing to produce a pre-petition executed indorsement or assignment of the January 28, 2005 note payable to Defendant Wilmington in the

4

principal amount of $135, 200.00, to either JP Morgan Chase Bank or to Defendant Bank of New York as trustee for the benefit of the Certificateholders of the Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2005-3, Bank of New York has judicially admitted it does not have in its possession a properly indorsed note and that it does not have an attachment to a right to payment of said note.

21. That as a result in its failure to obtain a pre-petition right to payment of the January 28, 2005 note payable to Defendant Wilmington in the principal amount of $135, 200.00, Bank of New York has not perfected an attachment of the mortgage described in paragraph no. 5 prior to the March 25, 2010 filing of Debtor's petition.

22. That based on information and belief, Defendant Litton is not a creditor of Debtor.

23. That as a result of Defendants Wilmington and GMAC Mortgage, LLC to file a proof of claims that contained an executed note, properly indorsed, to evidence the indebtedness as described in the January 28, 2005 mortgage described in paragraph no. 7, there is no evidence of indebtedness secured by the recorded mortgage identified in paragraphs no. 7.

24. That the interest of plaintiff in the real property described in paragraph no. 5, as a judicial lien creditor is superior to the interest of Defendants Wilmington and GMAC Mortgage, LLC in the real estate described in paragraph no. 5.

**WHEREFORE** Plaintiff-Trustee J. James Rogan prays for the following relief:

A. For the Court to enter a declaratory judgment that the interest of plaintiff as a judicial lien creditor has priority over the interest, if any, of Defendants Bank of New York, Litton, Wilmington, and GMAC Mortgage, LLC., in the real property described in paragraph no. 5.

5

    B.    For the Court to enter a declaratory judgment that Defendant Bank of New York has failed to perfect a security interest in the real estate described in paragraph no. 5, prior to the March 25, 2010, petition date.

    C.    For the Court to enter an order authorizing plaintiff to sell the real property described in paragraph no. 5 free of all interests.

    D.    That each Defendant be required to plead what interest, if any each may have in the real property or be forever barred.

    E.    For costs herein expended.

    F.    For all relief to which plaintiff may appear entitled.

/s/ J. James Rogan
J. James Rogan, P.S.C.
Attorney for Trustee
345 South Fourth Street
Danville, Kentucky 40422
(859) 236-8121  PHONE
(859) 236-8123  FACSIMILE

PLAINTIFF'S EXHIBIT NO. 1

RESPONSE TO OBJECTION TO MOTION
FOR RELIEF OF STAY

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| In Re:<br><br>Elizabeth R. Collins<br><br>**Debtor(s)**<br><br>Litton Loan Servicing, LP and The Bank of New York Mellon fka The Bank of New York as successor to JPMorgan Chase Bank, N.A., as trustee for the benefit of the Certificateholders of Popular ABE, Inc. Mortgage Pass-Through Certificates Series 2005-3<br><br>**Movant** | Case No.: 10-50990<br>Chapter Seven (7) |

## RESPONSE TO OBJECTION TO MOTION FOR RELIEF FROM STAY

Comes now, Litton Loan Servicing, LP and The Bank of New York Mellon fka The Bank of New York as successor to JPMorgan Chase Bank, N.A., as trustee for the benefit of the certificateholders of Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2005-3, by and through counsel and responds to the Objection to the Motion for Relief from Stay as follows.

(1) The grounds for the Objection to the Motion for Relief from Stay state that the note does not contain an executed endorsement in the name of Movant.

(2) A copy of the allonge has been provided, attached hereto as Exhibit A.

Respectfully submitted,

Nielson & Sherry, PSC

/s/ Blaine J. Edmonds, III
Blaine J. Edmonds, III KBA# 90859
Amanda V. Green, KBA# 89778
Nielson & Sherry, PSC
639 Washington Ave., Ste. 200
Newport, KY 41071-1971
Telephone (859) 655-8460
Facsimile (859) 655-8461
Email: bankruptcy@nsattorneys.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by the method set forth below, upon the below listed parties, on May 26, 2010.

/s/ Blaine J. Edmonds, III

**By Notice of Electronic Filing To:**
United States Trustee
Trustee
Debtor(s) Attorney


**By United States Mail To:**
ELIZABETH R. COLLINS
350 E SHORT ST UNIT 230
LEXINGTON, KY 40507-1590
Debtor(s)

Litton Loan No.:
Prev. No.:
Investor#:
Borrower: Elizabeth Collins
Address: 200-202 Simba Way
Lexington, KY 40509
Loan Amount: $135,200.00

## NOTE ALLONGE

FOR THE PURPOSE OF ENDORSEMENT OF THE ATTACHED NOTE, THIS ALLONGE IS AFFIXED AND BECOMES A PERMANENT PART OF SAID NOTE.

Pay to the order of

The Bank of New York Mellon f/k/a The Bank of New York as successor to JPMorgan Chase Bank, N.A., as trustee for the benefit of the Certificateholders of Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2005-3

Without Recourse,

JPMorgan Chase Bank N.A. f/k/a JPMorgan Chase Bank, as trustee for the benefit of the Certificateholders of Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2005-3

By: _____
Name: Paul D. Savitsky
Title: Vice President

5/25/2010



EXHIBIT A