BK1003098
(cl)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
AT LEXINGTON

| | |
|---|---|
| IN RE:<br><br>Elizabeth R. Collins<br><br>    Debtor | Case No. 10-50990<br><br>Chapter 7<br>Judge Scott Jr.<br><br>SUPPLEMENT TO MOTION FOR RELIEF FROM STAY AND FOR ABANDONMENT OF US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR GSR 2006-2F, BY AND THROUGH WELLS FARGO BANK, N.A. ITS SERVICER (PROPERTY LOCATED AT 684 GRAFTONS MILL LANE, LEXINGTON, KY 40509) |

Now comes US Bank National Association, as Trustee for GSR 2006-2F, by and through Wells Fargo Bank, N.A. its servicer, and hereby files its Supplement to the Motion to modify the automatic stay and abandonment filed on July 9, 2010. Attached to this supplement as Exhibit "A" is the note and as Exhibit "B" is the affidavit of Tamara Savery, Litigation Specialist/DOC Wells Fargo Home Mortgage.

/s/ Joel K. Jensen
Joel K. Jensen
Bar Registration #81820
513-241-3100 x-3349

LERNER, SAMPSON & ROTHFUSS
Attorneys for Movant
PO Box 5480
Cincinnati, OH 45201-5480
(513) 354-6464 fax
ekybk@lsrlaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing Supplement to the Motion for Relief from the Automatic Stay and for Abandonment of Property of the secured creditor, US Bank National Association, as Trustee for GSR 2006-2F, by and through Wells Fargo Bank, N.A. its servicer, was electronically transmitted on October 20, 2010 via the Court's CM/ECF system to the following who are listed on the Court's Electronic Mail Notice list.

Hon. J. D. Kermode
1608 Harrodsburg Rd.
Lexington, KY 40504
jdk@ask-law.com

J. James Rogan, Trustee
345 South 4th Street
Danville, KY 40422
jrogan@bellsouth.net

Office of the U.S. Trustee
100 East Vine Street, Ste. 500
Lexington, KY 40507
ustpregion08.lx.ecf@usdoj.gov

The undersigned certifies that a copy of the foregoing Supplement to the Motion for Relief from the Automatic Stay and for Abandonment of Property of the secured creditor, US Bank National Association, as Trustee for GSR 2006-2F, by and through Wells Fargo Bank, N.A. its servicer, was transmitted on October 20, 2010 via regular U.S. mail, postage pre-paid:

Elizabeth R. Collins
350 E. Short Street, #230
Lexington, KY 40507

Craig Gordon
684 Graftons Mill Lane
Lexington, KY 40509

Ocwen Loan Serivcing, LLC
P.O. Box 6440
Carol Stream, IL

/s/ Joel K. Jensen
Joel K. Jensen
Bar Registration #81820
513-241-3100 x-3349

LERNER, SAMPSON & ROTHFUSS
PO Box 5480
Cincinnati, OH 45201-5480
(513) 354-6464 fax
ekybk@lsrlaw.com

— Ex A -

# NOTE

Loan Number ▬
MIN: 1002447-1585258618-6

FEBRUARY 25, 2005        ALPHARETTA              GEORGIA
[Date]                   [City]                  [State]

684 GRAFTONS MILL LANE, LEXINGTON, KENTUCKY 40509
[Property Address]

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 104,000.00      (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is CHOICE CAPITAL FUNDING INC., A GEORGIA CORPORATION
I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of        7.000 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

### 3. PAYMENTS

(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the    1st day of each month beginning on APRIL 1,
2005   . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on MARCH 1, 2035           , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 223 ROSWELL STREET  #100, ALPHARETTA, GEORGIA 30004
                                                                            or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $ 691.91

### 4. BORROWER'S RIGHT TO PREPAY  ** See attached Prepayment Note Addendum.

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

### 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit;

Borrower Initials: _____  _____  _____  _____  _____

MULTISTATE FIXED RATE NOTE--Single Family                          DocMagic eForms 800-649-1362
Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                          www.docmagic.com
Form 3200  1/01                      Page 1 of 3

Us3200.nut.1.tem

and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep

Borrower Initials: _____  _____  _____  _____  _____  _____

MULTISTATE FIXED RATE NOTE--Single Family
Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3200 1/01                                  Page 2 of 3

DocMagic eForms 800-649-1362
www.docmagic.com

Us3200.not.2.tem

the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

> If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.
>
> If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)         _____ (Seal)
ELIZABETH GORDON          -Borrower                                              -Borrower

_____ (Seal)         _____ (Seal)
                          -Borrower                                              -Borrower

_____ (Seal)         _____ (Seal)
                          -Borrower                                              -Borrower

*[Sign Original Only]*

MULTISTATE FIXED RATE NOTE--Single Family
Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3200  1/01                    Page 3 of 3

DocMagic eForms 800-649-1362
www.docmagic.com

Pay to the order of:
**
without recourse.
By: _____
Scott Marshall, President
For: Choice Capital Funding, Inc.
**US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR GSR 2006-2F

# PREPAYMENT ADDENDUM TO NOTE

Loan Number: ▮▮▮▮▮

Date: FEBRUARY 25, 2005

Borrower(s): ELIZABETH GORDON

    THIS PREPAYMENT ADDENDUM TO NOTE (the "Addendum") is made this 25th day of FEBRUARY, 2005, and is incorporated into and shall be deemed to amend and supplement that certain promissory note (the "Note") made by the undersigned ("Borrower") in favor of CHOICE CAPITAL FUNDING INC.

("Lender") and dated the same date as this Addendum. Repayment of the Note is secured by a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") given by Borrower in favor of Lender and dated the same date as this Addendum. To the extent that the provisions of this Addendum are inconsistent with the provisions of the Note, the provisions of this Addendum shall supersede the inconsistent provisions of the Note.

    ADDITIONAL COVENANTS. In addition to the covenants and agreements made in the Note, Borrower and Lender further covenant and agree as follows:

Section 4 of the Note is amended to read in its entirety as follows:

**4. BORROWER'S RIGHT TO PREPAY; PREPAYMENT CHARGE**

    I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

    The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under the Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payment unless the Note Holder agrees in writing to those changes.

    If the Note provides for changes in the interest rate, my partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

    If within THIRTY-SIX ( 36 ) months after the date the Security Instrument is executed, I make a full Prepayment, I will pay a Prepayment charge in an amount equal to FIVE percent ( 5.000 %) of the outstanding loan balance.

KENTUCKY PREPAYMENT ADDENDUM TO NOTE
6/03
Page 1 of 2

DocMagic *eForms* 800-649-1362
www.docmagic.com

Kypam.ppf.1.tem

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this Addendum.

_____ 2-25-05        _____
Borrower ELIZABETH GORDON    Date              Borrower                            Date

_____                _____
Borrower                        Date             Borrower                            Date

_____                _____
Borrower                        Date             Borrower                            Date

KENTUCKY PREPAYMENT ADDENDUM TO NOTE                      DocMagic eFsrms 800-649-1362
6/03                              Page 2 of 2                  www.docmagic.com

Kypstn.psf.2.rem

Ex B

201032957
(swehla)

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF KENTUCKY
# AT LEXINGTON

IN RE:                                          :   Case No. 10-50990

**ELIZABETH R. COLLINS**                        :
                                                :   Chapter 7
            Debtor                              :
                                                :   CHIEF JUDGE SCOTT

### AFFIDAVIT OF U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR GSR 2006-2F,

STATE OF MARYLAND

COUNTY OF FREDERICK

Now comes affiant, Tamara Savery, and based upon her own personal knowledge resulting from her employment with Wells Fargo Home Mortgage (hereinafter "Wells Fargo"), and after being duly sworn, states as follows:

1. I am a Litigation Specialist of Wells Fargo, and in such capacity, I have custody and I am familiar with the records of U.S. Bank, National Association, as Trustee for GSR 2006-2F, by and through Wells Fargo Bank, N. A., its servicing agent.

2. Affiant states that Wells Fargo Bank, N. A., is the duly qualified servicing agent for U.S. Bank, National Association, as Trustee for GSR 2006-2F. As a result of the agent relationship, Wells Fargo has an interest in the Note and Mortgage and is retained on behalf of U.S. Bank, National Association, as Trustee for GSR 2006-2F, to enforce the terms of the Note and Mortgage.

Case No. 10-50990
LSR No. 201032957

3. In that capacity, I have reviewed the records of Wells Fargo Bank, N. A. and U.S. Bank, National Association, as Trustee for GSR 2006-2F, specifically the loan account of Elizabeth R. Collins ("Borrower"), having loan number XXXX4746 ("Loan Account").

4. Affiant states that the Loan Account is in relation to a promissory note executed by the Borrower, dated February 25, 2005, in the amount of $104,000.00 to lender Choice Capital Funding, Inc., ("Note"). A copy of the Note is attached hereto and marked "Exhibit A".

5. Affiant states that the Note is secured by a mortgage from Borrower, to Choice Capital Funding, Inc., in the amount of $104,000.00, dated February 25, 2005 and recorded on or about March 4, 2005, in Mortgage Book 5217, Page 601, of the Fayette County Records, a copy of which is attached as "Exhibit B" ("Mortgage").

6. Affiant states that the mortgage was assigned unto U.S. Bank, National Association, as Trustee for GSR 2006-2F by virtue of the Assignment of Mortgage dated March 2, 2010, in Miscellaneous Book 482, Page 510, of the Fayette County Records, a copy of which is attached as "Exhibit C" ("Assignment").

7. Affiant states that U.S. Bank, National Association, as Trustee for GSR 2006-2F, is the holder of the Note and Mortgage.

8. Affiant states that U.S. Bank, National Association, as Trustee for GSR 2006-2F, acquired its interest in the Note and Mortgage as of the 1st day of January, 2007.

2

Case No. 10-50990
LSR No. 201032957

Further affiant sayeth naught.

*[signature]*
Tamara Savery, Litigation Specialist/DOS
Wells Fargo Home Mortgage

Subscribed and sworn to before me, a Notary Public, this 21 day of September 2010

*[Notary seal: Cindy T Shanabrook, Notary Public, Frederick County, Maryland, My Commission Expires 9/29/2014]*

*[signature]* Notary Public
Exp 9/29/14

3